NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3963
_____

PMA CAPITAL INSURANCE COMPANY;
HIGH MOUNTAIN REINSURANCE, LTD. (Cayman);
PMA RE CORPORATE CAPITAL, LTD.

v.

PLATINUM UNDERWRITERS BERMUDA, LTD.,

Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-mc-0084)

District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
October 7, 2010

Before: FUENTES, JORDAN and ALDISERT, Circuit Judges
(Opinion Filed November 8, 2010)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Platinum Underwriters ("Platinum") appeals from the District Court of the Eastern District of Pennsylvania's vacatur of an arbitration award.[1] We must determine whether the Court exceeded its authority under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(4). In the process, we must interpret an "honorable engagement" contract clause, which required the arbitrators in this case to

> interpret this Agreement as an honorable engagement and not as merely a legal obligation. They are relieved of all judicial formalities and may abstain from following the strict rules of law. They will make their award with a view to effecting the general purpose of the Agreement in a reasonable manner rather than in accordance with the literal interpretation of the language.

We hold that the District Court correctly vacated the award, because the arbitrators in this case exceeded their powers under the FAA, see Matteson v. Ryder Sys. Inc., 99 F.3d 108, 112-113 (3d Cir. 1996) (construing § 10 of the FAA), even taking into account the "honorable engagement" provision. Accordingly, we will affirm.

## I.

Because we write for the parties, who are familiar with the events that gave rise to this appeal, we state the facts of this case only as necessary to explain our reasoning. PMA Capital is an insurance company and Platinum is a reinsurance company. In 2003, PMA and Platinum made a contract under which Platinum indemnified PMA for obligations arising from its insurance policies. The contract included a "deficit carry forward provision" that entitled Platinum to reimbursement for losses carried from one year to the next. In 2008, a dispute arose between PMA and Platinum concerning the

---

[1] The District Court had jurisdiction under 9 U.S.C. § 203. We have jurisdiction under 9 U.S.C. § 16(a), (d).

2

scope of the deficit carry forward provision. PMA argued that Platinum was not entitled to carry forward any losses from 1999-2001, and Platinum contended it was entitled to carry forward roughly $10.7 million. Platinum demanded arbitration, seeking

> a declaration that the 2003 contract does provide for Platinum to retain the amount of any deficit [carry forward]. We'll ask the panel for [a] declaration about how that deficit carry forward is to be calculated, and we'll ask the panel for an order that at the time the deficit [carry forward] is made concrete by the future payment of losses, that PMA is required to disburse those funds to Platinum . . . .

PMA Capital Ins. Co. v. Platinum Underwriters Berm., Ltd., 659 F. Supp. 2d 631, 638 (E.D. Pa. 2009). A panel of arbitrators received evidence, testimony and argument, and issued a one-page award, which in its entirety provided:

1. The Panel hereby orders [PMA] to pay [Platinum] $6,000,000.00 within 30 days of the date of this award. If any portion of the $6,000,000.00 is not paid within 30 days of the date of this Final Award, interest will run at the rate of 6% simple interest per annum on the unpaid balance until paid in full.

2. Upon payment under paragraph one above, the Panel hereby orders that any and all references to a "deficit carry forward" in the Reinsurance Agreement ("the Agreement") effective January 1, 2003, are hereby removed from the contract. Furthermore, any future rights or claims under the Agreement which require a "deficit carry forward", including but not limited to Article 15, paragraph I, are hereby extinguished.

3. All other requests for relief by both parties are denied.

PMA successfully petitioned the District Court to vacate the award, and Platinum now appeals from that order.

## II.

Although a court's review of an award under the FAA is highly deferential, "the courts are neither entitled nor encouraged simply to 'rubber stamp' the interpretations and decisions of arbitrators." Matteson, 99 F.3d at 113. Under § 10, "an arbitrator may not

3

venture beyond the bounds of his or her authority" and an award is "enforceable only to the extent it does not exceed the scope of the parties' submission." Id. at 112-113 (construing § 10(a)(4)). Courts should vacate an arbitration award if: (1) the form of the award cannot "be rationally derived either from the agreement between the parties or from the parties submissions to the arbitrators" and (2) the terms of the award are "completely irrational." Mut. Fire, Marine & Inland Ins. Co. v. Norad Reins. Co., 868 F.2d 52, 56 (3d Cir. 1989).

### III.

The District Court held that the arbitrators in this case exceeded their power when they awarded Platinum $6 million and eliminated the "deficit carry forward" portion of the contract. It held this relief exceeded the arbitrators' powers because it was not sought by either party, and was completely irrational because it wrote material terms of the contract out of existence. The District Court also concluded that the "honorable engagement" language in the contract did not authorize the award:

> The Honorary Engagement Clause allowed the Arbitrators to stray from "judicial formalities" and the 2003 Contract's "literal language" to effectuate in a "reasonable manner" the Contract's "general purposes." No court has held that such a clause gives arbitrators authority to re-write the contract they are charged with interpreting. . . . The 2003 "contract itself" requires the enforcement of the Deficit Carry Forward Provision, not its elimination.

PMA, 659 F. Supp. 2d. at 636-637. We agree with the District Court in all respects. The arbitrators in this case, by ordering unrequested relief and rewriting material terms of the contract they purported to implement, went beyond the scope of their authority. That the honorable engagement clause permitted the arbitrators to stray from judicial formalities

4

did not give them authority to reinvent the contract before them, or to order relief no one requested.

*****

We have considered all of the parties' contentions, and we conclude that no further discussion is necessary.

We will affirm the judgment of the District Court.