**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3145
_____

ROSS DRESS FOR LESS INC

v.

VIWP, L.P.; VIWY PP, LLC

VIWY, L.P.,
                                Appellant
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-12-cv-00131)
District Judge: Honorable Juan R. Sánchez
_____


Submitted Under Third Circuit L.A.R. 34.1(a)
June 5, 2018
_____

Before:  AMBRO, JORDAN, and VANASKIE, *Circuit Judges*

(Filed: October 24, 2018)

_____

OPINION*
_____

_____

   * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

VANASKIE, *Circuit Judge.*

We are called upon to review the District Court's order confirming an arbitration award. Because the Arbitration Panel neither exceeded its powers nor manifestly disregarded Pennsylvania law, we will affirm.

## I.

In June 2007, Appellee Ross Dress for Less, Inc. ("Ross") and Appellant VIWY, L.P. ("VIWY") entered into a lease establishing Ross as a tenant in a retail shopping center owned by VIWY. The parties agreed to a co-tenancy provision, which required VIWY to maintain a minimum amount of tenants in the shopping center. The lease also provided Ross with the right to pay a reduced rent should VIWY fail to satisfy the co-tenancy provision.

On March 14, 2011, Ross wrote to VIWY, claiming that the co-tenancy obligation had not been met since March 8, 2009. According to Ross, it had overpaid its rent for two years. Ross demanded that VIWY refund the excess rent payments. VIWY refused. In response, Ross began paying a reduced rent from March 2011 until September 2011, at which time VIWY terminated the lease.

On January 11, 2012, Ross filed a federal lawsuit against VIWY. Ross alleged that VIWY breached the lease causing Ross to overpay rent (the "overpayment claim"). VIWY counter-claimed that Ross had improperly offset its rent from March 2011 to September 2011 (the "offset claim"). Additionally, VIWY moved to compel arbitration and dismiss the complaint.

2

The District Court denied VIWY's motion and stayed the offset claim, pending resolution of the overpayment claim. VIWY appealed. We vacated the order and remanded the matter to the District Court. We concluded that the terms of the lease required arbitration of the offset claim, but did not require arbitration of the overpayment claim. Nonetheless, because the claims were "inextricably linked," we reasoned that arbitration of both claims was appropriate. *Ross Dress for Less, Inc. v. VIWY, L.P.*, 570 F. App'x 123, 125 (3d Cir. 2014). On remand, the District Court stayed the litigation pending completion of the arbitration proceedings.

Six months later, on March 20, 2015, Ross filed a demand with the American Arbitration Association (the "AAA"). VIWY raised a statute-of-limitations defense, arguing that because Ross had filed its demand more than four years after the alleged breach, his overpayment claim was untimely under Pennsylvania's four-year statute of limitations. The Arbitration Panel considered, but rejected, this argument. The Panel reasoned that Ross's filing of its federal complaint had suspended the running of the four-year limitations period, assuming the statute of limitations applied to arbitration proceedings. The Panel explained:

> Pennsylvania law is unsettled as to whether its Statute of Limitations must be applied in private binding arbitration proceedings or whether applying the Statute is left to the discretion of the arbitration tribunal. We need not decide that issue. If the Statute were applied, we find that it was tolled when ROSS initiated its case in the federal district court.
>
> . . .
>
> The monetary value of this dispute is not less than $50,000 and it did not settle in mediation. It is not "a matter for

3

arbitration as described in Section 20.2.1.1" of the Lease. Therefore, ROSS complied with the Lease by initiating the Court Action, thereby tolling the Pennsylvania Statute of Limitations, if it is applicable to this private binding arbitration proceeding.

Further, VIWY having prevailed in moving the federal district court to send the dispute to private arbitration, after the 4 year statutory period, cannot now successfully argue that ROSS' claim is barred by the Pennsylvania Statute of Limitations.

ROSS timely filed the Court Action in January, 2012 and has never stopped pursuing the Action. The purposes behind the Pennsylvania Statute of Limitations are not violated by allowing ROSS claim to proceed.

(JA 87–88.) Turning to the merits, the Panel concluded that VIWY breached the lease agreement and, as such, awarded Ross over $1.8 million.

Following the Panel's decision, Ross moved the District Court to confirm the arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. VIWY cross-moved to vacate the arbitration award, arguing that the Panel: (1) exceeded its powers under the FAA, 9 U.S.C. § 10(a)(4); or alternatively (2) acted in manifest disregard of Pennsylvania law. The District Court rejected VIWY's arguments, denied its motion to vacate, and granted Ross's motion to confirm the award. VIWY timely appealed.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. When reviewing a district court's confirmation of an arbitration award, we review legal conclusions *de novo* and factual findings for clear error. *China Minmetals Materials Imp. and Exp. Co. v. Chi Mei*

4

*Corp.*, 334 F.3d 274, 278 (3d Cir. 2003). Our review of the arbitrator's decision, in turn, "could be generously described only as extremely deferential." *Dluhos v. Strasberg*, 321 F.3d 365, 372 (3d Cir. 2003).

III.

VIWY renews its arguments that the arbitration award should be vacated because the Arbitration Panel exceeded its powers and manifestly disregarded Pennsylvania law. We will affirm for the following reasons.

A.

First, VIWY contends the Panel exceeded its powers when it allegedly misapplied Pennsylvania's statute of limitations. *See* 9 U.S.C. § 10(a)(4) (permitting vacatur of an arbitration award "where the arbitrators exceeded their powers . . . ."). "Courts should vacate an arbitration award if: (1) the form of an award cannot 'be rationally derived either from the agreement between the parties or from the parties submissions to the arbitrators' or (2) the terms of the award are 'completely irrational.'" *PMA Capital Ins. Co. v. Platinum Underwriters Berm., Ltd.*, 400 F. App'x 654, 655–56 (3d Cir. 2010) (quoting *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*, 868 F.2d 52, 56 (3d Cir. 1989)).

Exceeding one's powers, however, is not synonymous with making a mistake. As the Supreme Court explained while affirming our decision in *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215 (3d Cir. 2012):

> A party seeking relief under [§ 10(a)(4)] bears a heavy burden. It is not enough to show that the arbitrator committed an error—or even a serious error. Because the parties bargained

5

for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits. Only if the arbitrator acts outside the scope of his contractually delegated authority—issuing an award that simply reflects his own notions of economic justice rather than drawing its essence from the contract—may a court overturn his determination. So the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong.

*Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (internal citations and quotation marks omitted).

VIWY argues that the Panel exceeded its powers because Ross filed its demand with the AAA more than four years after the alleged breach. Thus, Ross's request to arbitrate the overpayment claim was untimely under Pennsylvania's four-year statute of limitations. However, as was the case in *Oxford Health Plans LLC*, "we have already all but answered [this] question just by summarizing the [Panel's] decision[]." *Id.* at 570. When presented with VIWY's statute-of-limitations defense, the Arbitration Panel assumed it applied to arbitration proceedings and analyzed whether tolling was warranted. According to the Panel, Ross's federal complaint asserting the overpayment claim, which was filed well within the four-year statute of limitations, tolled the limitations period. Ross had complied with the terms of the lease, including the arbitration provision, and Pennsylvania's limitations period when it initially filed in federal court. Thus, this was not an instance where Ross's own mistake or dilatoriness resulted in the late filing before the AAA.

6

In any event, an erroneous ruling that Ross's federal lawsuit tolled the statute of limitations does not amount to an excessive use of the Panel's power. *See id.* at 572–73 ("All we say is that convincing a court of an arbitrator's error—even his grave error—is not enough. So long as the arbitrator was 'arguably construing' the contract—which this one was—a court may not correct his mistakes under § 10(a)(4). The potential for those mistakes is the price of agreeing to arbitration.") (internal citation omitted). This is especially true given the uncertainty present in this area of law. We also note that VIWY took the position in prior proceedings in this matter that an arbitrator should resolve Ross's overpayment claim. Resolution of Ross's overpayment claim necessarily included determining how Pennsylvania law, and in particular Pennsylvania's statute of limitations, affected the parties' rights under the lease agreement. The fact that the Panel's interpretation "went against" VIWY does not give VIWY the right "to rerun the matter in a court." *Id.* at 573.

B.

Alternatively, VIWY argues that the arbitration award should be vacated because the Panel acted in manifest disregard of the law when it allegedly misapplied Pennsylvania's statute of limitations.

In *Local 863 International Brotherhood. of Teamsters, Chauffeurs, Warehousemen and Helpers of America. v. Jersey Coast Egg Producers, Inc.*, we wrote that "[a]n award may be set aside only in limited circumstances, for example, where the arbitrator's decision evidences manifest disregard for the law rather than an erroneous

7

interpretation of the law." 773 F.2d 530, 533 (3d Cir. 1985).[1]  Here, the Arbitration

Panel did not "willfully flout" Pennsylvania's statute of limitations and its tolling

jurisprudence.  Rather, it recognized the statute of limitations, assumed it applied,

analyzed whether the statute of limitations was tolled, and concluded that Ross's

demand was timely.  This considered analysis did not constitute manifest disregard.  The

timeliness of Ross's demand was hotly debated due to the possibility of tolling.  Because

the answer to the tolling question was not obvious, we cannot say that the Arbitration

Panel manifestly disregarded Pennsylvania's law concerning the statute of limitations.

III.

For these reasons, we will affirm the order of the District Court dated September

20, 2017.

---

[1]  In *Hall Street Associates L.L.C. v. Mattel, Inc.*, the Supreme Court called into question the viability of manifest disregard as an independent ground for vacating an arbitration award.  552 U.S. 576, 584 (2008) (holding that "§§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification").  We have yet to determine if manifest disregard survives *Hall Street Associates. L.L.C.* Despite an emerging Circuit split, we need not resolve this issue today.  Assuming, *arguendo*, manifest disregard supports independent grounds for vacatur, VIWY failed to demonstrate the Arbitration Panel manifestly disregarded Pennsylvania law.